UNITED STATES of America, Appellee,

v.

George NIGHTINGALE, Victor J. Spellman and Dennis Lesiur, Defendants, Appellants.

No. 82–1659.

United States Court of Appeals, First Circuit.

Argued Feb. 3, 1983.

Decided March 25, 1983.

Stephen J. Fortunato, Jr., with whom McKinnon & Fortunato, Pawtucket, R.I., was on brief, for defendants, appellants.

William C. Bryson, Atty., Dept. of Justice, Washington, D.C., with whom Lincoln C. Almond, U.S. Atty., and Edwin J. Gale, Sp. Atty., Dept. of Justice, Providence, R.I., were on brief, for appellee.

Before BOWNES and BREYER, Circuit Judges, and WYZANSKI,** Senior District Judge.

PER CURIAM.

Defendants-appellants, George Nightingale, Victor J. Spellman, and Dennis Lesiur, appeal convictions under 18 U.S.C. § 401 of criminal contempt following a bench trial on stipulated facts. Count One alleged as to each defendant that he had willfully refused to testify before the grand jury on December 1 and 9 as ordered by the district court. Count Two alleged a willful failure to obey an order of the foreman of the grand jury.

The stipulation stated in essence that each defendant had been granted use immunity, that each was ordered by the district court to appear before the grand jury on December 8 and 9 and testify, that each appeared before the grand jury but refused to testify, and that each failed to obey the order of the grand jury foreman to appear at the district judge's courtroom and stay there until excused.

Defendants raise two issues on appeal:

1. whether the stipulated facts were sufficient to prove intent beyond a reasonable doubt; and

2. whether Count Two charged an offense under 18 U.S.C. § 401.

A little background material is essential to an understanding of the case. Early in 1981 Nightingale and Spellman were subpoenaed to testify before a grand jury which was investigating one Kenneth Guarino. They refused to testify. The prosecutor then sought immunity for all three on the grounds that they would probably refuse to testify without a grant of such immunity. At the hearing on the government's request for grants of immunity, counsel for defendants objected on the grounds that the investigation of Guarino had been completed and, therefore, defendants' testimony was no longer needed. This was refuted by the government and the district court issued immunity grants and ordered the defendants to testify before the grand jury at its next session. Defendants refused to testify as specified in the stipulation.

Subsequent to the defendants' refusal to testify, the government filed petitions asking that the defendants be found in criminal contempt pursuant to Federal Rule of Criminal Procedure 42(b). A notice and order was issued by the district court and served on defendants on December 14 advising them of the criminal contempt petitions filed by the government. After hearings on December 15, 18, 21, and 22 on a civil contempt show cause order, the district court found defendants in contempt of court. It granted a stay of incarceration pending an appeal to this court on the grounds that, although the district judge saw no merit in the appeal, "that doesn't mean that the Court of Appeals wouldn't find some merit in it." Despite the doubts of the district court, we did not find any merit in the appeal and affirmed the district court's findings of civil contempt. After our affirmance order issued, the parties entered into the stipulation and, based on the facts stipulated, the defendants were found guilty of criminal contempt of court on both counts.

Defendants advance the wholly untenable theory that they did not have the requisite criminal intent because they had stated their "willingness to give testimony before the Grand Jury after receiving an authoritative determination on their claim

** Of the District of Massachusetts, sitting by designation.

to silence from this court." Appellants' Brief at iii. The basis for this novel proposition is a statement by defendants' counsel made as part of his request that defendants not be incarcerated pending appeal on the findings of civil contempt: "If this Court or the Court of Appeals terms their testimony or their case frivolous, they have no intention of continuing their course of conduct." This, of course, entirely ignores the fact that defendants had twice deliberately refused to testify before the grand jury as ordered. Their intent to disobey the orders of the court was clearly established. No claim is made that defendants did not understand the orders. As the government points out, defendants' theory rests on the premise that no finding of criminal contempt can be made before an appellate court passes on the merits of the reason for a defendant's refusal to obey a court's order to testify before a grand jury. We have found no cases to this effect and defendants have cited none.

 We realize that refusal to testify before a grand jury is usually remedied by a civil contempt order incarcerating the adamant witness for the life of the grand jury or until the testimony is forthcoming. *See Shillitani v. United States,* 384 U.S. 364, 368–70, 86 S.Ct. 1531, 1534–35, 16 L.Ed.2d 622 (1966). In this case, however, the grand jury investigation was drawing to a close so that the coercive effect of incarceration had lost its bite. Civil and criminal contempt are not mutually exclusive; they often go hand-in-hand. *Maness v. Meyers,* 419 U.S. 449, 463, 95 S.Ct. 584, 593, 42 L.Ed.2d 574 (1975); *Yates v. United States,* 355 U.S. 66, 74–75, 78 S.Ct. 128, 133, 2 L.Ed.2d 95 (1957); *United States v. Mine Workers,* 330 U.S. 258, 298–99, 67 S.Ct. 677, 698, 91 L.Ed. 884 (1947); *United States v. Professional Air Traffic Controllers,* 678 F.2d 1, 4 (1st Cir. 1982); *Baker v. Eisentadt,* 456 F.2d 382, 387 n. 4 (1st Cir.), *cert. denied,* 409 U.S. 846, 93 S.Ct. 110, 34 L.Ed.2d 87 (1972).

The cases cited by defendants only go to the well-established rule that a charge of criminal contempt requires the full panoply of any criminal proceeding—notice, a full hearing, and proof beyond a reasonable doubt. There can be no doubt that the rules and requirements of processing and trying a criminal case were fully met here. The purpose of criminal contempt proceedings is to punish those who willfully flout an order of the court. The defendants here cannot be absolved of their contemptuous conduct because they appealed the validity of the court's orders. They made a deliberate decision to refuse a court order to testify; they now must face the consequences of that decision.

The concurrent sentence doctrine renders a discussion of the second count moot.

*Affirmed as to Count One.*