**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Joseph HUDACEK,**
**Defendant–Appellant.**

No. 92–6806.

United States Court of Appeals,
Eleventh Circuit.

Nov. 16, 1993.

Gregory W. Gill, Montgomery, AL, for defendant-appellant.

James E. Wilson, U.S. Atty., Charysse L. Alexander, Montgomery, AL, for plaintiff-appellee.

Before KRAVITCH and BLACK, Circuit Judges, and DYER, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Michael Hudacek was convicted of conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count I), and possession of a listed chemical with the intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(d)(1) (Count II). He was sentenced to life imprisonment without parole on the first count and ten years imprisonment on the second count. In this appeal, Hudacek challenges his convictions and sentences. We affirm with respect to the convictions and the life sentence. Under the concurrent sentence doctrine, we need not address the ten year sentence because it was imposed concurrent with the life sentence without parole, which we uphold.[1]

I. Facts

On or about August 4, 1991, Hudacek met Murray Francher, of Auburn, Alabama, at a bar in Atlanta. The two struck up a conversation and Francher gave Hudacek his phone number. On August 31, 1991, Francher was arrested in Auburn on a drug charge. In exchange for a reduced sentence, he agreed to become a government informant.

---

1. The existence of one valid conviction may make unnecessary the review of other convictions when concurrent sentences have been given, provided there is no adverse collateral consequence to not reviewing the concurrent sentence. *United States v. Rubin*, 591 F.2d 278 (5th Cir.1979). (In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as circuit precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.) As we are upholding the life sentence without parole, failure to review the concurrent ten year sentence will not result in adverse collateral consequences to the appellant.

On September 4, 1991, Hudacek telephoned Francher and told him that he would be coming to Auburn with another individual. Hudacek arrived in Auburn the following day with David Barrett. A series of telephone conversations and in-person meetings followed. The conversations revolved around a proposal by Hudacek and Barrett to establish a methamphetamine laboratory in the Auburn area. The two men had brought to Auburn a book detailing the chemical processes by which methamphetamine could be produced. Many of the conversations concerning the establishment of the laboratory were recorded by the government. With the assistance of Francher, undercover government agents were introduced to Hudacek and Barrett as potential contacts in the drug enterprise.

An undercover government agent rented a house as the site for the methamphetamine laboratory at the request of Hudacek and Barrett. Also at the request of Hudacek and Barrett, an undercover agent delivered laboratory supplies and chemicals, including a large quantity of phenylacetic acid, to the house. Shortly after the delivery, the two were arrested. Barrett pled guilty. Hudacek proceeded to trial.

## II. Entrapment and Sufficiency of the Evidence

Although the district court instructed the jury regarding entrapment, Hudacek argues that the district court judge should have held that he was entrapped as a matter of law. Alternatively, he contends that there was insufficient evidence for the jury to convict him on either count. We disagree with both arguments.

■ Hudacek was not entrapped as a matter of law merely because the government provided facilities and equipment assisting in the illegal enterprise as part of an undercover operation. Nor was the evidence such that the jury was required to hold that Hudacek was entrapped. "It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprise." *Jacobsen v. United States,* —— U.S. ——, ——, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992), quoting *Sorrells v. United States,* 287 U.S. 435, 441, 53 S.Ct. 210, 212, 77 L.Ed. 413 (1932). "In their zeal to enforce the law, however, Government agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute." *Id.*

■ The evidence does not indicate that Hudacek had an innocent mind before his contact with the government's agents. He and his accomplice went to Auburn with the intent of establishing a methamphetamine laboratory, and they were already equipped with a book detailing the chemical process required to produce the controlled substance. The actions taken by the government agents to facilitate the establishment of the illegal enterprise were at the instruction of Hudacek and Barrett. We conclude that the evidence supports the determination of the jury that Hudacek was not entrapped by the government.

Similarly, after a review of the record, including numerous transcripts of recorded conversations between Hudacek and others concerning the establishment of the methamphetamine laboratory, we are convinced that there is sufficient evidence to uphold both of Hudacek's convictions.

## III. Sentencing

Appellant argues that it was error for the district court to sentence him to life imprisonment on count one.

Hudacek was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A). Under the statute, a person convicted of an offense involving 100 grams or more of methamphetamine shall, "after two or more prior convictions for a felony drug offense have become final, ... be sentenced to a mandatory term of life imprisonment without release...." Hudacek contends that because one of the felony drug convictions counted against him was more than 15 years old, it should not have been used to enhance his sentence.

■ Unlike the sentencing guidelines, *see* U.S.S.G. § 4A1.2(e), the statute in question does not impose any time limitation on the felonies triggering the enhanced sentencing provision. Thus, Hudacek's 20–year old conviction for importing cocaine was properly considered. Similarly, Hudacek's argument that the statute applies only to "kingpins" fails. The statute is explicit in imposing its penalty on all offenders with two or more prior felony drug convictions. *See United States v. Martinez–Zayas,* 857 F.2d 122, 127–31 (3rd Cir.1988) (reviewing legislative history of § 841(b).)

■ Appellant argues that had he been sentenced under the career offender provision of the sentencing guidelines, rather than the statute, he would have received a lesser sentence. However, for the purpose of reviewing the life sentence, we need not consider appellant's correct offense level under the sentencing guidelines. The guidelines specifically provide that: "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). *See United States v. Willis,* 956 F.2d 248 (11th Cir.1992). The life sentence was, therefore, correct under both the statute and the guidelines.

AFFIRMED.