16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES of America, Appellee,
v.
Leo A. McHATTON, Defendant, Appellant.
 No. 93-2335.
 United States Court of Appeals,
First Circuit.
 February 14, 1994
 
 Appeal from the United States District Court for the District of Massachusetts
 John C. McBride and McBride & Associates on brief for appellant.
 Donald K. Stern, United States Attorney, and Joseph F. Savage, Jr., Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant-appellant Leo A. McHatton stands convicted on six counts charging him with violating 26 U.S.C. Sec. 7206(1) by filing false federal income tax returns for the calendar years 1986 through 1991.[1] The district court made a disputed guidelines calculation as to the amount(s) of tax evaded and sentenced appellant to one year in prison on each count; fined him $10,000; imposed a one-year term of supervised release; and levied a $50 special felony assessment on each count, see 18 U.S.C. Sec. 3013 (1988). McHatton appeals from the judgment. We affirm.
 
 
 2
 In our view, the concurrent sentence doctrine obviates any need to resolve the dispute about the guideline calculation in this appeal and requires that we affirm the judgment below. Under the concurrent sentence doctrine, the existence of one valid conviction "make[s] unnecessary the review of other convictions when concurrent sentences have been given, provided there is no adverse collateral consequence to not reviewing the concurrent sentence." United States v. Hudacek, 7 F.3d 203, 204 n. 1 (11th Cir. 1993); see also Benton v. Maryland, 395 U.S. 784, 788-89 (1969); Hirabayashi v. United States, 320 U.S. 81, 105 (1943); United States v. Nightingale, 703 F.2d 17, 19 (1st Cir. 1983); United States v. Tashjian, 660 F.2d 829, 840 (1st Cir.), cert. denied, 454 U.S. 1102 (1981). Here, all the conditions necessary to animate the doctrine are present. The district court made the prison sentence and fine concurrent on all counts-and appellant has not argued that the sentence on count 7 (a non-guidelines count) can be overturned on appeal.[2] That ends the matter, for no adverse collateral consequence looms on the horizon.
 
 
 3
 To be sure, the term of supervised release is geared only to certain appealed counts, viz., counts 8-12. But defendant does not argue against his conviction on those counts; he argues instead that he is entitled to a milder sentence. Thus, even if appellant's point is well-taken-and we do not think that it is, see infra-the term of supervised release will not be abated. See U.S.S.G. Sec. 5D1.1(b); U.S.S.G. Sec. 5D1.1 comment. (n.2) ("[T]he court may impose a term of supervised release in cases involving imprisonment for a term of one year or less.") (emphasis supplied). By like token, the six $50 per count special felony assessments do not require that we allow this appeal to go forward. Under the controlling statute, 18 U.S.C. Sec. 3013(a)(2)(A), it is the fact of a defendant's felony conviction, not the fact of incarceration or the length of sentence, that dictates imposition of the assessment. See generally United States v. Luongo, 11 F.3d 7 (1st Cir. 1993). Hence, a change in the duration of appellant's sentence will not affect either the number or aggregate amount of the special assessments.
 
 
 4
 Although the concurrent sentence doctrine is completely dispositive of this appeal, we add that, in all events, the evidence in the record supports the district court's approximation of the amount(s) of unreported income and underpayments of tax, and, therefore, the amount of loss. After all, a sentencing court's calculations in these respects need not be infinitely precise. See, e.g., United States v. Tardiff, 969 F.2d 1283, 1288 (1st Cir. 1992); United States v. Bachynsky, 949 F.2d 722, 731-33 (5th Cir. 1991), cert. denied, 113 S. Ct. 150 (1992). The facts underlying a guideline calculation of this genre "may be inferred from any reasonably reliable information available, including the scope of the operation." U.S.S.G. Sec. 2B1.1, comment. (n.3); see also United States v. Skrodzki, 9 F.3d 198, 203 (1st Cir. 1993) & cases cited therein. And, moreover, the guidelines explicitly recognize that in some tax cases, "the amount of the tax loss may be uncertain," with the result that the court must then "simply make a reasonable estimate based on the available facts". U.S.S.G. Sec. 2T1.1, comment. (n.2). Once the trial court has performed this task, a dissatisfied party, on appeal, "must carry the heavy burden of persuading the court of appeals that the lower court's conclusion is clearly erroneous." Tardiff, 969 F.2d at 1288.
 
 
 5
 Appellant has not satisfied the devoir of persuasion here. Rather, our review of the record persuades us that the key calculation-the district court's approximation of appellant's unreported income for the years 1974-1985-is within "the universe of acceptable computations." Id. The evidence showed that appellant earned some income as an electrician during that period; it also showed that he failed to report such income. Under those circumstances, the court supportably could extrapolate from the stipulated facts concerning later years to arrive at an estimate for the earlier years. Cf., e.g., United States v. Sklar, 920 F.2d 107, 111-14 (1st Cir. 1990).
 
 
 6
 Affirmed. See 1st Cir. R. 27.1.
 
 
 
 [1]
 McHatton went to trial on a twelve-count indictment. He was acquitted on the non-tax counts. The counts of conviction are counts 7 (1986), 8 (1987), 9 (1988), 10 (1989), 11 (1990), and 12 (1991)
 
 
 [2]
 Since count 7 covered a year (1986) that antedated the effective date of the sentencing guidelines, we cannot visualize any basis for an appeal of the sentence imposed on that count. See United States v. Tucker, 404 U.S. 443, 447 (1972) (explaining that, prior to the advent of the guidelines, "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review"); United States v. Ruiz-Garcia, 886 F.2d 474, 477 (1st Cir. 1989) (explaining that, in the pre-guidelines era, sentencing appeals were infrequent and "[w]hen appeals were taken, success was hen's-teeth rare")