**UNITED STATES of America,**

v.

**Marcus A. BUGELLA, Defendant.**

**No. 91–108–CR–FTM–10.**

United States District Court,
M.D. Florida.

March 24, 1994.

---

Fran Carpini, Asst. U.S. Atty., Ft. Myers, FL, for U.S.

Marsha Shein, Atlanta, GA, for defendant.

## ORDER

GAGLIARDI, Senior District Judge.

Defendant, Marcus Bugella, moves the Court to modify his sentence pursuant to 18 U.S.C. 3582(c)(2) because of an amendment to the United States Sentencing Guidelines ("sentencing guidelines") which he claims reduces the sentencing range applicable to his offense of conviction. Defendant was found guilty by a jury of one count of conspiring to possess with intent to distribute lysergic acid diethylamide ("LSD") and two counts of distributing LSD in violation of 21 U.S.C. §§ 846 and 841. Defendant was sentenced April 28, 1992 to 121 months imprisonment.

Defendant argues that Amendment 488 to the sentencing guidelines reduces the guideline range applicable to his offense and that his sentence should, therefore, be reduced. He is correct that the guideline range applicable to his offense is reduced by the amendment. Nevertheless, his offense subjects him to the minimum mandatory sentence of 10 years called for by 21 U.S.C. 841(b)(1)(A)(v).

Defendant argues that Amendment 488 should be applied retroactively to him. U.S.S.G., Amendment 488 (1993). It is true that Amendment 488 is intended to apply retroactively. *Id.* § 1B1.10(d). Amendment 488 amends the notes following the Drug Quantity Table, *id.* § 2D1.1(c). The amendment requires that, where an offense involves LSD carried on a medium such as blotter paper, a defendant's base offense level be calculated by multiplying the number of doses of LSD contained in the carrier medium by a conversion figure of 0.4 milligrams of LSD/dose. *Id.,* Amendment 488.

In calculating Defendant's base offense level at sentencing, the Court included the weight of the blotter paper on which the LSD involved in the offense was carried. The Court determined that the weight of LSD involved, therefore, was 114.7 grams. The base offense level for that weight of LSD is 36. *Id.* § 2D1.1(c)(4). Defendant's offense level was reduced 2 points for acceptance of responsibility and 2 points for role in the offense, yielding an offense level of 32. Based on a criminal history category of I, Defendant's sentencing range was determined to be 121 months to 151 months imprisonment.

Calculation of the amount of LSD involved in Defendant's offense in accordance with Amendment 488 would reduce the sentencing range. Drug Enforcement Agency reports indicate that 8,669 doses were involved in the offense. Applying the conversion formula of 0.4 milligrams/dose would yield a figure of approximately 3.5 grams of LSD. The base offense level for this amount of LSD is 26. *Id.* § 2D1.1(c)(9). With the same adjustments and criminal history category as originally applied, Defendant's sentencing range would be 41–51 months imprisonment. *Id.* § 5A.

The maximum sentence in this range is less than the statutory mandatory minimum sentence applicable to this offense, however. The sentencing guidelines specify that a statutory mandatory minimum sentence must be imposed where the maximum of the appropriate guideline range is less than the minimum mandatory sentence. U.S.S.G. § 5G1.1(b). A statutory minimum sentence cannot be ignored, therefore, because the guidelines call for a lesser sentence. *Id.; see United States v. Hudacek,* 7 F.3d 203 (11th Cir.1993). A minimum mandatory sentence of 10 years is required for a violation of 21 U.S.C. § 841 involving "10 grams or more of a mixture or substance containing a detectable amount of" LSD. 21 U.S.C. § 841(b)(1)(A)(v).

The amount of LSD involved in Defendant's offense requires that the 10 year

mandatory minimum sentence be imposed. Defendant's offense involved more than 10 grams of "a mixture or substance containing a detectable amount of," *id.*, LSD because, in contrast to the procedure outlined in Amendment 488, the weight of the carrier on which LSD is distributed must be included for the purpose of the weight calculation involved in determining the application of the mandatory minimum sentences required by 21 U.S.C. § 841. *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) ("blotter paper customarily used to distribute LSD[ ] is a 'mixture or substance containing a detectable amount' of LSD"). In Defendant's case, the weight of the blotter paper on which the LSD was carried was found to be 114.7 grams. The 10 year mandatory minimum sentence, therefore, is applicable to Defendant. 21 U.S.C. § 841(b)(1)(A)(v).

Defendant argues that the amendment to the guidelines supersedes *Chapman.* The amendment itself explicitly states that this is not the case, however. The sentencing commission noted that the new approach to the calculation of a weight figure for LSD outlined in the amendment "does not override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence (*see Chapman;* § 5G1.1(b))." U.S.S.G., Amendment 488.

The guideline sentencing range under Amendment 488 for Defendant's offense of conviction is 41–51 months imprisonment. The appropriate sentence is the statutory minimum sentence of 10 years imprisonment. Defendant's motion to amend his sentence is, therefore, granted to the extent that his sentence of imprisonment is reduced to 120 months. The sentence is adhered to in all other respects.

So Ordered.