**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry James WILLIS, Defendant–Appellant.**

**No. 90–5476
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 23, 1992.

10. *See* 28 U.S.C. § 753(f) (governing a prisoner's ability to obtain transcripts at government expense).

Patricia Jean Kyle, Miami, Fla., Susan R. Healy, Boca Raton, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Thomas A. Blair, Asst. U.S. Atty., Ft. Pierce, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Terry James Willis is serving concurrent life sentences for conspiring to possess, and possessing with intent to distribute, at least five kilograms of cocaine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A) (1988). He appeals, contending, in essence, that (1) the district court denied him due process of law by permitting the Government to seek mandatory life sentences (on account of his prior criminal record), and that (2) the mandatory life sentences he received constitute cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

■ The Government contends that Willis did not present these claims to the district court and therefore abandoned them. *See United States v. Jefferies*, 908 F.2d 1520, 1524 (11th Cir.1990). The Government's contention has merit. We give Willis the benefit of the doubt, though, and assume that he has not abandoned them.

■ Willis' first claim is that the due process clause prevented the district court from honoring the Government's decision to invoke the procedures of 21 U.S.C. § 851 (1988) and seek mandatory life sentences because the Government's decision constituted an exercise of unfettered discretion. While we have not had occasion to address the claim Willis presents, we have generally held both mandatory minimum sentences and the federal sentencing guidelines constitutional and not violative of due process. *See United States v. Holmes*, 838 F.2d 1175, 1177–78 (11th Cir.), *cert. denied*, 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 930 (1988) (mandatory minimum under § 841(b)); *see also United States v. Erves*, 880 F.2d 376, 379 (11th Cir.), *cert. denied*, 493 U.S. 968, 110 S.Ct. 416, 107 L.Ed.2d 381 (1989) (sentencing guidelines). Thus, the mandatory life sentence provision applicable in this case appears to be valid. We discern no constitutional problem with the scope of the Government's discretion. We note that, in *United States v. Hernandez*, 921 F.2d 1569, 1584 (11th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 2271, 114 L.Ed.2d 722 (1991), we held that giving the government discretion to seek a downward departure from the prescribed sentence did not constitute an improper delegation of sentencing authority; nor did it deny the defendant due process of law. We find no material difference between the grant of discretion in *Hernandez* and the grant of discretion here; consequently, *Hernandez* controls our decision on this point.

■ Finally, we note that the government's decision to proceed against an accused under a particular statute is not reviewable unless the decision is made for an unlawful reason—for example, to discriminate against the accused on account of his or her race or speech. *Cf. Wayte v. United States*, 470 U.S. 598, 607–08, 105 S.Ct. 1524, 1530–31, 84 L.Ed.2d 547 (1985). Here, Willis does not contend that the Government's reasons for pursuing mandatory life sentences were unlawful or that its decision was arbitrary or capricious, amounting to a gross abuse of discretion. His due process claim therefore fails.

■ Willis' contention that the mandatory life sentence provision of section 841(b)(1)(A) conflicts with 28 U.S.C. § 994(h) (1988), and thus should not be enforced, is also meritless. While this court has not addressed such a claim, a plain reading of the pertinent statutory language indicates that no such conflict exists. Section 994(h) requires the Sentencing Commission to assure that the guidelines the Commission promulgates for certain categories of offenders who have been convicted of a section 841 offense specify a sentence to a term of imprisonment at or near the maximum statutory term prescribed for the offense. Section 841 prescribes graduated penalties for persons committing offenses that involve more than five kilograms of cocaine and a mandatory life imprisonment sentence for third offenders. The sentencing guidelines accommodate this mandatory provision by providing that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence

shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Willis' convictions in this case were his third and fourth convictions for drug offenses. Under the career offender provisions of U.S.S.G. § 4B1.1, Willis' guideline range was, on account of his two previous convictions, increased to 292–365 months. Section 841, however, required the district court to sentence Willis to life imprisonment. *See* U.S.S.G. § 5G1.1(b).

At sentencing, Willis' attorney candidly acknowledged that Willis' previous drug trafficking offenses resulted in separate convictions and thus subjected him to the mandatory life sentence provisions of section 841. As he informed the court, "I don't have a legal argument [against the imposition of the life sentences]. I have an argument of fairness, mercy, and of simple humanity, asking you not to put Terry Willis in prison for life."

 Willis' claim that the mandatory life sentences he received constitute cruel and unusual punishment proscribed by the Eighth Amendment is also without merit. The Supreme Court recently considered and rejected such a claim in a similar case, *Harmelin v. Michigan,* — U.S. —, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). There, a state statute mandated a specified sentence, precluding the sentencer from taking into account the defendant's background and the particular circumstances of the offense he had committed.

Willis contends that when the Government, acting in bad faith, refused to file a motion for departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) (1988), the district court should have granted him as a matter of due process a downward departure for substantial assistance. The Government responds, correctly, that the district court has no power to grant a defendant a downward departure based on substantial assistance unless the government moves the court to depart pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

Willis failed to present this specific claim to the district court; absent plain error, therefore, we do not consider the claim. We find no plain error; hence, the claim fails.

AFFIRMED.