[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11010
Non-Argument Calendar

_____

D. C. Docket No. 06-80139-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLFO SANTILLAN LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 8, 2008)

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Adolfo Santillan Lopez appeals his 120-month sentence imposed

after he pled guilty to conspiracy to possess with the intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). On appeal, Lopez first argues that the district court erred by finding that his sentence warranted a two-level enhancement because he was a mid-level supervisor, pursuant to U.S.S.G. § 3B1.1(c). Second, Lopez argues that the statutory minimum sentence provisions of 21 U.S.C. § 841(b)(1)(A) are unconstitutional under the Due Process and Equal Protection Clauses of the U.S. Constitution and violate his Eighth Amendment right to be free from cruel and unusual punishment. Based on our review of the record and the parties' briefs, we vacate and remand for resentencing as to the first issue and affirm as to the second.

## I.    Aggravating-Role Enhancement

We review a district court's determination of a defendant's role in an offense for clear error. *United States v. Jiminez*, 224 F.3d 1243, 1250-51 (11th Cir. 2000). "[T]he ultimate determination of role in the offense is also a fundamentally factual determination entitled to due deference." *United States v. Rodriguez De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (*en banc*). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). "The findings of fact of the sentencing court may be based on

evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

Section 3B1.1(c) of the Sentencing Guidelines provides, "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity [that involved fewer than 5 participants and was not otherwise extensive], increase by **2** levels." The commentary elaborates, "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, comment. (n.2). A "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1). An undercover law enforcement officer is not a participant. U.S.S.G. § 3B1.1, comment. (n.1). "'[P]articipation' under the aggravating and mitigating role guidelines implies criminal liability and intent, that the individual be an actual member of the plan or conspiracy." *United States v. Costales*, 5 F.3d 480, 484 (11th Cir. 1993). We have held that "a mere buyer/seller relationship is inadequate to link individuals to a conspiracy." *United States v. Revel*, 971 F.2d 656, 660 (11th Cir. 1992).

In order to warrant an enhancement under U.S.S.G. § 3B1.1(c), a defendant must have "control over another participant in the criminal activity." *United States v. Harness*, 180 F.3d 1232, 1235 (11th Cir. 1999). The "assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *Jiminez*, 224 F.3d at 1251. A district court errs if there is no evidence or findings of fact that would support the conclusion that a defendant organized, led, managed, or supervised one or more participants who engaged in the criminal activities. *See Harness*, 180 F.3d at 1235.

Here, we conclude from the record that the district court clearly erred by finding that Lopez warranted an aggravating-role enhancement under U.S.S.G. § 3B1.1(c) because there is no evidence to support the finding that Lopez controlled another participant in the criminal offense.

## II. Constitutionality of 21 U.S.C. § 841(b)(1)

We review *de novo* whether a statute is constitutional. *United States v. Reynolds*, 215 F.3d 1210, 1212 (11th Cir. 2000). Section 841(b)(1) of Title 21 provides, in part, that "any person who violates subsection (a) of this section involving . . . 5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine . . . shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . ." 21 U.S.C.

4

§ 841(b)(1)(A)(ii)(II).

We have upheld the constitutionality of 21 U.S.C. § 841(b)(1)'s mandatory minimum sentencing provisions against due process, equal protection, and Eighth Amendment challenges. *See United States v. Holmes*, 838 F.2d 1175, 1177-78 (11th Cir. 1988) (holding that § 841(b)(1)'s mandatory minimum provisions were rationally related to the objectives of protecting public health and welfare); *United States v. Willis*, 956 F.2d 248, 251 (11th Cir. 1992) (holding that the mandatory life sentence provisions of 21 U.S.C. § 841(b)(1) do not violate Eighth Amendment).

Because we previously have held that the mandatory minimum sentence provisions in 21 U.S.C. § 841(b)(1) are constitutional, Lopez's argument that they are unconstitutional fails.

In conclusion, because no evidence supports the finding that Lopez controlled another participant in the criminal offense, we vacate Lopez's sentence and remand this case for resentencing. Because we have held that the mandatory minimum sentence provisions in 21 U.S.C. § 841(b)(1) are constitutional, we affirm as to the second issue.

**VACATED AND REMANDED in part, AFFIRMED in part.**