[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12525
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00048-CR-IPJ-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY DEMOND WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 3, 2010)

Before DUBINA, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Appellant Larry Demond Williams appeals his convictions for one count of

distributing a mixture containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One), and one count of distributing 50 grams or more of a mixture containing a detectable amount of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Two), and his life sentence imposed following his conviction on Count Two. Williams argues, for the first time on appeal, that the district court erred by commenting during its jury charge about his potential sentences. He specifically argues that sentencing was not relevant to the determination of guilt, that the statement prejudiced the jury because the potential lengthy sentences made him look dangerous, and that the judge's curative instruction was inadequate to cure the error.

Next, Williams argues that there was insufficient evidence to support a conviction on either count. He argues that the confidential informant was the only witness to claim to have personally witnessed a drug sale involving Williams, and that the informant made a number of contradictory statements. Williams challenges the admission of testimony regarding a car and a cell phone allegedly used by him to commit the offenses which were both registered to other people. He also contends that the testimony of another defendant, Tomeco Boone, was suspect because she was only testifying to get a reduction in her own sentence and

2

was an admitted drug dealer.  He argues that Byron DeRamus, a law enforcement official, did not personally witness either transaction of which he was allegedly involved.

Finally, Williams argues, for the first time on appeal, that one of the convictions used to enhance his sentence occurred when he was nineteen, and that he could have been granted "Youthful Offender status," and if so, he would not be subject to the mandatory minimum sentence.  He also contends that his mandatory life sentence for Count Two, imposed under 21 U.S.C. §§ 841(b)(1)(A) and 851, violates the principles of *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because the sentence is mandatory.  He argues that the sentence violates his rights to due process under the Fifth, Sixth, and Ninth Amendments of the United States Constitution, and his right to be free from cruel and unusual punishment under the Eighth Amendment.

## A.

When a defendant fails to object to an alleged error before the district court, the claim is forfeited and we review for plain error.  *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).  To show plain error, a defendant must demonstrate that: "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that

3

seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted). For an error to have affected substantial rights, it "almost always requires that the error must have affected the outcome of the district court proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (internal quotation marks omitted). When a court gives the jury a limiting instruction, the jury is presumed to follow it. *See United States v. Chirinos*, 112 F.3d 1089, 1100 (11th Cir. 1997).

Based on our review of the record, we conclude that any error committed by the district court when commenting to the jury about potential sentences was harmless, because the court specifically told the jurors not to consider the possible punishment Williams could face if convicted. Further, because he has not demonstrated that this error affected the outcome of the case, he cannot show that the district court plainly erred.

## B.

Denial of a motion for acquittal based on sufficiency of the evidence is reviewed *de novo*, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict." *United States v. Schier*, 438 F.3d 1104, 1107 (11th Cir. 2006). The jury is free to draw between reasonable interpretations of the evidence presented at trial. *United States*

*v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).  "Credibility determinations are left to the jury and the jury's verdict will not be disturbed on appeal unless the testimony is 'incredible as a matter of law.'" *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) (quoting *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997), *cert. denied,* 130 S. Ct. 568 (2009).

To sustain a conviction under 21 U.S.C. § 841(a)(1), the government must show that the defendant possessed the controlled substance knowingly and wilfully and that he possessed the substance with the intent to distribute it.  *United States v. Anderson*, 289 F.3d 1321, 1325 (11th Cir. 2002).  Under 21 U.S.C. §§ 841(b)(1)(C) and (b)(1)(A), the government must show that Williams possessed a detectable amount of cocaine hydrochloride and 50 or more grams of crack cocaine, respectively.

The record demonstrates that the government presented testimony from a confidential informant who stated that he purchased powder cocaine directly from Williams.  Codefendant Boone also testified that she sold crack cocaine at Williams's behest.  DeRamus, a local law enforcement officer, corroborated facts surrounding both sales.  Regardless of any motives the witnesses may have had or inconsistencies in their stories, the jury was free to believe their testimony and convict Williams.  Thus, we conclude that the evidence was more than sufficient to

support the convictions.

C.

Pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), if a defendant is convicted of an offense under that section "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."  Under § 851(a), the government must file an information before trial, stating which convictions will be relied upon in seeking an enhanced sentence.  Under § 851(b), the court must ask the defendant whether he was convicted of those crimes, and inform him that a "challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

We held in *United States v. Willis*, 956 F.2d 248, 250-51 (11th Cir. 1992), that a statutory mandatory-minimum life sentence imposed for a conviction under 21 U.S.C. § 841(b)(1)(A), as a result of having two prior drug convictions, did not violate the Eighth Amendment's prohibition on cruel and unusual punishment. Further, when the district court imposes the statutory mandatory-minimum sentence, any error in guideline calculations is harmless and need not be addressed by this Court.  *Raad*, 406 F.3d at 1323 n.1.  We held that "the district court remains bound by statutes designating mandatory minimum sentences even after the

6

remedial holding of [*Booker*]." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008). In *Raad*, we noted that "there is no merit to [a defendant's] claim that his [mandatory minimum] sentence is unconstitutional in light of [*Booker*]" where his mandatory minimum had been imposed based on facts to which he pleaded guilty. *Raad*, 406 F.3d at 1323 n.1. In addition, § 3553(a) "does not confer upon the district court the authority to sentence a defendant below the statutory mandatory minimum based on its consideration of the § 3553(a) factors." *Castaing-Sosa*, 530 F.3d at 1361.

We conclude from the record that the district court was required to sentence Williams to imprisonment for life. The fact that he could have been charged as a youthful offender in a prior case is irrelevant, because he was actually charged and convicted as an adult. His argument that the sentence violates the Eighth Amendment and the Due Process Clause is foreclosed by our precedents. *See Willis*, 956 F.2d at 251. "[A] district court [also] is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." *Castaing-Sosa*, 530 F.3d at 1360-61.

For the above-stated reasons, we affirm Williams's convictions and

7

sentences.

**AFFIRMED.**