[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2011
JOHN LEY
CLERK

No. 10-10398
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00258-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL BERNALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Paul Bernall appeals his convictions and sentences following his

convictions for (1) conspiring to possess with intent to distribute five kilograms or

more of cocaine, in violation of 21 U.S.C. §§ 841 and 846 ("Count One"); (2) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). Ultimately, the district court sentenced Bernall to mandatory life imprisonment on Count One, a 60-month consecutive term on Count Two, and a 180-month concurrent term on Count Three. On appeal, he raises nine arguments related to his convictions and sentences. After careful review, we affirm.

First, Bernal's constitutional arguments pertaining to § 922 (g) are foreclosed by precedent. See *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2005). Second, Bernall's argument that § 924(c) is an unconstitutional extension of Congress's Commerce Clause power is also foreclosed by this Court's precedent. *United States v. Ferreira*, 275 F.3d 1020, 1028 (11th Cir. 2001). Third, this Court has likewise previously held that the circumscription of a convicted felon's right to bear arms, as found in § 922(g)(1), does not violate the Second Amendment. *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir.), *cert. denied*, 130 S.Ct. 3399 (2010). With reference to the claim that the district court erred in giving the reasonable doubt jury instruction, we find that this Court has expressly approved the language that the district court used and conclude that the

jury instruction did not misstate the law, mislead the jury, or lower the government's burden of proof.

As to sentencing, Bernall's mandatory life sentence on Count One, pursuant to § 841(b)(1)(A), does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. In the case of an offense involving five kilograms or more of cocaine, § 841(b)(1)(A)(ii) provides that if the defendant has two prior felony drug convictions that have become final, the defendant "shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A)(ii). In *United States v. Willis*, 956 F.2d 248, 251 (11th Cir. 1992), this Court held that a mandatory minimum sentence of life in prison imposed for a conviction under 21 U.S.C. § 841(b)(1)(A), imposed as a result of having two prior drug convictions, did not violate the Eighth Amendment's prohibition on cruel and unusual punishment.

Bernall also argues that his life sentence on Count One must be vacated because the district court failed to follow the proper procedure under § 851. Specifically, the district court did not (1) ask Bernall to affirm or deny the convictions or (2) inform Bernall that he could not challenge any prior conviction after the court sentenced him. We reject this argument because (1) Bernall did not object to the validity of the convictions, (2) the court asked Bernall whether he

affirmed or denied his prior convictions, (3) his attorney affirmed that the convictions were valid and (4) Bernall does not argue that he could assert a valid challenge to any of the convictions used to support the § 851 enhancement.

Next, as Bernall recognizes, the Supreme Court has held that the Sixth Amendment does not require the government to allege in its indictment or to prove beyond a reasonable doubt that a defendant's prior convictions qualify him for enhanced sentencing. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998). Thus there is no merit to this claim.

We must also reject Bernal's argument that the district court erred by using his Florida felony battery conviction to enhance his sentence on Count Three. Since Bernall received a concurrent life sentence and he apparently had three qualifying ACCA convictions, any error related to the Florida conviction is, at most, harmless error.

Finally, Bernall's argument regarding his consecutive sentence is foreclosed by the Supreme Court's decision in *Abbott v. United States*, __ U.S. __, 131 S.Ct. 18, 178 L.Ed.2d 348 (2010), holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count

4

of conviction." *Id.* at 23; *see also United States v. Segarra*, 582 F.3d 1269, 1272-73 (11th Cir. 2009), *cert. denied*, 131 S.Ct. 633 (2010) (concluding that the plain language of §924(c) requires consecutive sentences for a defendant convicted of a § 924(c) offense and an underlying drug crime).

For all of the foregoing reasons, Bernal's convictions and sentences are

**AFFIRMED.**