[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12155
Non-Argument Calendar

_____

D. C. Docket No. 05-20507-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 25, 2007)**

Before ANDERSON, WILSON, and PRYOR, Circuit Judges.

PER CURIAM:

Fernando Sanchez appeals his 240-month sentence imposed after pleading

guilty to conspiracy to distribute methylenedioxymethamphetamine ("MDMA")

and 50 grams or more of methamphetamine, in violation of 21 U.S.C.

§§ 841(b)(1), 846, 851. He argues for the first time on appeal that his sentence

violates the Eighth Amendment as well as Booker[1] and due process. Upon review

of the record and consideration of both parties' briefs, we discern no reversible

error.

## I.

Sanchez argues for the first time on appeal that his 20-year sentence is

disproportionate, cruel, and unusual in violation of the Eighth Amendment because

(1) it is based on two prior convictions that were too old to be counted toward his

criminal history points, (2) without these old prior convictions, he faced only 108

to 135 months' imprisonment, and (3) his codefendants received only 24- and 70-

month sentences.

Generally, we review de novo constitutional challenges to a sentence.

United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005), cert. denied,

126 S.Ct. 1604 (2006). However, Sanchez did not raise his Eighth Amendment

argument below, and so it is reviewed for plain error. See United States v. Raad,

406 F.3d 1322, 1323 (11th Cir. 2005), cert. denied, 126 S.Ct. 196 (2005). Thus,

---

[1] United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005).

Sanchez must prove that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (quotations and citations omitted).

We have held that "[i]n non-capital cases, the Eighth Amendment encompasses, at most, a narrow proportionality principle." Id. (alteration in original; citations omitted). Additionally, "[o]utside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare." Id. (alterations and emphasis in original; citation omitted).

When addressing an Eighth Amendment challenge, "a court 'must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed[,]'" and the defendant bears the burden of making this showing. United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (quoting Raad, 406 F.3d at 1324), cert. denied, 127 S.Ct. 462 (2006). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." Johnson, 451 F.3d at 1243 (quoting United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005)); see also Raad, 406 F.3d at 1324 (noting that we have upheld mandatory minimum sentences in various statutes, such as conspiracy and possession with intent to distribute

3

cocaine, 21 U.S.C. § 841(b)(1); the Armed Career Criminal Act, 18 U.S.C. § 924; the career-offender provisions of the Guidelines, U.S.S.G. § 4B1.1; and a food-stamp fraud statute).

Sanchez pled guilty to Counts 1 and 3 of the indictment, and Count 3 charged him with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1), 846, 851.  He also admitted at sentencing that he had two prior felony drug offenses.  According to § 841(b)(1), if a defendant's violation of § 841 involves 50 grams or more of methamphetamine and he "commits such a violation after a prior conviction for a felony drug offense has become final, [he] . . . shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment[.]" 21 U.S.C. § 841(b)(1)(A)(viii).

In a case similar to this one, we held that the district court did not plainly err in imposing mandatory life sentences based on the defendant's prior criminal record and instant conspiracy and possession with intent to distribute at least five kilograms of cocaine, in violation of §§ 841(b)(1), 851.  See United States v. Willis, 956 F.2d 248, 250-51 (11th Cir. 1992).  In Willis we held that (1) the district court's honoring of the government's exercise of its unfettered discretion in its decision to invoke § 851 did not violate the Due Process Clause because

4

mandatory minimum sentences set by statute did not violate due process;[2] and

(2) the defendant's claim that the mandatory life sentences constituted cruel and

unusual punishment in violation of the Eighth Amendment was meritless. See id.

Sanchez's mandatory minimum sentence of 20 years' imprisonment does

not violate the Eighth Amendment. As a general rule, a sentence imposed by

statute does violate the constitution. See Johnson, 451 F.3d at 1243. Like the

defendant in Willis, 956 F.2d at 250-51, Sanchez had a prior criminal record,

which triggered the statutory minimum under § 841(b)(1). Although Sanchez's

prior felony drug convictions were old, nothing in the statute disqualifies prior

convictions based on their remoteness in time from the instant offense. Moreover,

upholding Sanchez's sentence of 20 years follows a fortiori from the Willis

decision, which affirmed the constitutionality of a life mandatory minimum

sentence under § 841(b)(1). Likewise, Sanchez's argument that his codefendants

received lower sentences is unpersuasive given that neither of his codefendants had

a prior criminal record similar to his. Sanchez has thus failed to establish plain

error by demonstrating that his sentence violates the Eighth Amendment.

---

[2] We also have upheld § 851's constitutionality under a separation-of-powers challenge. See United States v. Cespedes, 151 F.3d 1329, 1335 (11th Cir. 1998) ("[T]he power of the prosecutor under § 851 to increase the mandatory minimum sentence facing the defendant is no greater than the classic power of the executive to choose between charges carrying different mandatory penalties.").

## II.

Sanchez also argues that his 240-month sentence is unreasonable and violates Booker and due process because it is greater than the 108- to 135-month guideline range he faced without prior convictions.

We review post-Booker sentences for reasonableness. Booker, 543 U.S. at 261, 125 S.Ct. at 765; United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). However, Sanchez's argument that his sentence violates Booker and due process because it is outside the guideline range, an argument not raised below, is reviewed only for plain error. See Raad, 406 F.3d at 1323 (argument reviewed for plain error when the defendant did not object below).[3]

After Booker, district courts still must correctly calculate the guideline range, after which they may consider imposing a more or less severe punishment under the factors set forth in 18 U.S.C. § 3553(a). United States v. McVay, 447 F.3d 1348, 1353 (11th Cir. 2006). According to the Guidelines, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Furthermore, even after Booker,

---

[3] Therefore, Sanchez, with respect to his sentence, must prove that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Raad, 406 F.3d at 1323 (quotations and citations omitted).

district courts remain bound by applicable statutory minimums. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

Here, the correct calculation of Sanchez's guideline range yielded, pursuant to § 5G1.1(b), a sentence of 240 months' imprisonment because, as previously discussed, his statutory minimum sentence was 20 years. See 21 U.S.C. § 841(b)(1)(A)(viii); see also U.S.S.G. § 5G1.1(b). Although, as Sanchez points out, his guideline range momentarily was 108 to 135 months, his ultimate and correct guideline range was 240 months. Therefore, the district court did not plainly err in imposing a sentence within the guideline range. See McVay, 447 F.3d at 1353 (district courts first must correctly calculate the guideline range); see also Shelton, 400 F.3d at 1333 n.10 (district courts remain bound by applicable statutory minimum sentences). Accordingly, Sanchez's arguments are without merit, and we affirm the district court's sentence.

**AFFIRMED.**