[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13283
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20710-ASG-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


JULIO ROLON,
RODOLFO ORTIZ,

Defendants-Appellants.



_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 4, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Defendants Julio Rolon and Rodolfo Ortiz appeal their 240-month sentences imposed on remand for resentencing on Count 5, which was one of seven counts of conviction. Count 5 charged the Defendants with conspiracy to use, carry, and possess a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (o). After review, we affirm.

## I.  BACKGROUND FACTS

Following a jury trial, the Defendants were convicted of: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1); (2) attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 2); (3) conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) (Count 3); (4) attempt to interfere with commence by threats or violence, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 4); (5) conspiracy to use, carry, and possess a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (o) (Count 5); and (6) using, carrying, and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 6). In addition, Ortiz and Rolon were each convicted of one count of being a felon in possession of a

2

firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Counts 8 and 9, respectively).

The district court sentenced Ortiz to: (1) concurrent life sentences on Counts 1, 2, 5 and 8; (2) concurrent 240-month sentences on Counts 3 and 4; and (3) a consecutive life sentence on Count 6.  Rolon was sentenced identically to concurrent life sentences on Counts 1, 2, 5 and 9, to concurrent 240-month sentences on Counts 3 and 4, and a mandatory, consecutive life sentence on Count 6.

## A.    First Appeal

In the Defendants' first appeal before this Court, the Defendants raised multiple conviction and sentencing issues.  As to their convictions, Ortiz and Rolon challenged: (1) the indictment; (2) the closing arguments; (3) two jury instructions; and (4) the Allen charge.  As to their sentences, the Defendants argued that: (1) Ortiz's prior conviction for resisting an officer with violence was no longer a predicate offense qualifying him for career offender status under U.S.S.G. § 4B1.2; (2) Ortiz's life sentences were substantively unreasonable; (3) Rolon should not have been subject to a mandatory consecutive life sentence on Count 6 pursuant to 18 U.S.C. § 3559(c) because two of his prior convictions were not validated at sentencing; and (4) Rolon's consecutive life sentence on Count 6 violated the Eighth Amendment.

We affirmed "all of Ortiz's and Rolon's convictions and sentences except as to their [life] sentences on Count 5," which we concluded exceeded the applicable 240-month statutory maximum in 18 U.S.C. § 924(o). See United States v. Rolon, 445 F. App'x 314, 318 n.4, 332 (11th Cir. 2011), cert. denied, ___ U.S. ___, 132 S. Ct. 1818 (2012) ("Rolon I"). Accordingly, we vacated "Ortiz's and Rolon's sentences as to Count 5 and REMAND[ED] to the district court for resentencing on Count 5." Id. at 332.

## B.      Remand Before the District Court

On remand, the Defendants asked for sentences significantly below the 240-month statutory maximum applicable to Count 5 due to their post-sentencing rehabilitation and in light of the severity of the sentences already imposed on their other counts. Although the Defendants agreed that this Court's remand limited the district court to resentencing only on Count 5, they also argued that their life sentences on other counts violated the Eighth Amendment.

On remand, the district court refused to entertain the Defendants' arguments with respect to counts other than Count 5, stating that the matter was remanded "to resentence as to Count 5" and it would not "reopen the whole sentencing hearing." The district court sentenced Defendants Ortiz and Rolon to 240 months' imprisonment on Count 5, to run concurrently with their concurrent 240-month and

life sentences on their other counts, and left intact the rest of their original sentences.  This appeal followed.

## II.  MANDATE RULE AND LAW OF THE CASE DOCTRINE

In this second appeal, both Defendants raise challenges to their original sentences on counts other than Count 5.  Specifically, the Defendants argue that their consecutive life sentences on Count 6 and their concurrent life sentences on Counts 1, 2, 8 and 9 constitute cruel and unusual punishment in violation of the Eighth Amendment and are substantively unreasonable.  Under the mandate rule, the district court properly limited the resentencing to Count 5 and refused to reconsider the original sentences on Counts 1 through 4 and 6 through 9.  See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) ("If the appellate court issues a limited mandate, . . . the trial court is restricted in the range of issues it may consider on remand"); United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (explaining that under the mandate rule, which is an application of the law of the case doctrine, a district court properly limits its resentencing to consideration of the remanded issue).

Not only are the Defendants' challenges to their life sentences on Counts 1, 2, 6, 8 and 9 barred by the mandate rule, they are also barred by general application of law of the case doctrine.  In their first appeal, the Defendants challenged their life sentences as to these counts, including an Eighth Amendment claim as to

5

Count 6, and this Court affirmed those sentences and explicitly rejected the Defendants' Eighth Amendment argument based on our precedent. See Rolon I, 445 F. App'x at 332. As such, under the law of the case, the Defendants may not raise the same or additional challenges to these life sentences in a subsequent appeal. See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."); United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (explaining that the law of the case doctrine provides that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time").[1]

There is also no merit to the Defendants' argument that their Eighth Amendment challenge to their life sentences fall within the manifest injustice exception to the law of the case doctrine. See Jordan, 429 F.3d at 1036 (addressing exception to law of the case doctrine "where we are convinced our decision in the prior appeal is clearly erroneous and following it would work a manifest

---

[1]The mandate rule and the law of the case doctrine also bar: (1) Defendant Rolon's arguments that he was entitled to a downward departure pursuant to U.S.S.G. §§ 5K2.12 and 5K2.13 based on his documented history of mental-health issues and that his life sentences on Counts 1, 2, 6, and 9 exceeded the statutory maximum under 21 U.S.C. § 841(b)(1)(C) because his offenses did not involve actual drugs; and (2) Defendant Ortiz's argument that he lacks the required predicate offenses necessary to qualify as a career offender.

6

injustice"). In Rolon I, we correctly concluded that precedent foreclosed the Defendants' Eighth Amendment challenge to their life sentences.[2] See United States v. Willis, 956 F.2d 248, 251 (11th Cir. 1992) (rejecting Eighth Amendment challenge to mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) resulting from the defendant's prior convictions); see also Harmelin v. Michigan, 501 U.S. 957, 994, 111 S. Ct. 2680, 2701 (1991); Rummel v. Estelle, 445 U.S. 263, 284-85, 100 S. Ct. 1133, 1144-45 (1980). To the extent the Defendants argue their new 240-month sentences on Count 5 are also cruel and unusual, this new Eighth Amendment claim similarly lacks merit in light of our precedent.

### III.  SUBSTANTIVE REASONABLENESS

Defendant Rolon argues that his 240-month sentence on Count 5 is substantively unreasonable and that the district court should have granted his request for a downward variance based on Rolon's good institutional record as an inmate at USP Coleman.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing for reasonableness, we first consider whether the district court committed any significant procedural error and then whether the sentence is

---

[2]Although in the first appeal, Defendant Rolon's brief raised the Eighth Amendment claim, we noted in Rolon I that the Defendants adopted all relevant portions of each other's briefs and where applicable, we considered each issue with respect to both defendants. See Rolon I, 445 F. App'x at 321 n.16.

substantively unreasonable under the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.[3] United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[4] The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error in judgment." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. Cir. 2010) (en banc), cert. denied, ___ U.S. ___, 131 S. Ct. 1813 (2011) (internal quotation marks omitted).

The weight to be given each § 3553(a) factor is within the district court's sound discretion, and we will not substitute our judgment for the district court's in weighing those factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). At resentencing, in addition to considering the § 3553(a) factors, the district court may consider evidence of a defendant's post-sentencing rehabilitation

---

[3]Defendant Rolon does not argue that his sentence is procedurally unreasonable. He does, however, complain that he was not given the revised Presentence Investigation Report ("PSI") until eight days before the resentencing hearing, in violation of Federal Rule of Criminal Procedure 32(e) and 18 U.S.C. § 3552(d). Any error in this regard was harmless given that: (1) the parties agreed that the resentencing was limited to sentencing on Count 5 with the correct statutory maximum, an issue to which Rolon did not object and about which witnesses could not testify; (2) the parties acknowledged that the revised PSI was identical to the original PSI, except for the corrected statutory maximum as to Count 5; and (3) Rolon argued for a sentence below the 240-month statutory maximum as to Count 5. See United States v. Willis, 649 F.3d 1248, 1257-58 (11th Cir. 2012), cert. denied, ___ U.S. ___, 132 S. Ct. 2733 (2012).

[4]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

and, where appropriate, may vary downward on that basis. Pepper v. United States, 562 U.S. ___, ___, 131 S. Ct. 1229, 1241 (2011). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, Defendant Rolon has not shown that his 240-month sentence on Count 5, run concurrent to his other 240-month sentences (on Counts 3 and 4) and his life sentences (on Counts 1, 2 and 9), was unreasonable. The district court rejected Rolon's request for a downward variance and concluded that a 240-month sentence on Count 5 was warranted "based on the seriousness of the offense and to promote respect for the law and to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant." The district court heard Rolon's mitigation argument that he had no prison disciplinary record and was paying his special assessment with earnings from his work in prison. The district court stated, however, that it did not think Rolon's post-sentencing rehabilitation "would outweigh the other factors that [it] had reviewed in the sentencing hearing last time." Rolon has given us no reason to disturb the district court's judgment in weighing the factors. In light of

Rolon's extensive criminal history and the seriousness of his offenses, we cannot say the district court imposed an unreasonable sentence on Count 5.[5]

**AFFIRMED.**

---

[5]The Defendants' motion to stay their appeal pending the Supreme Court's ruling in Alleyne v. United States, No. 11-9335, is denied.  The Defendants were not subject to an enhanced mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii) or (iii) for brandishing or discharging a firearm and have never raised the issue presented in Alleyne in either the district court or this Court.