NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0040n.06

No. 25-3445

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 22, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| DARRYL WRIGHT, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: CLAY, KETHLEDGE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. Darryl Wright has a long criminal history, going back to the age of nineteen. Over the years, he has been charged with or convicted of dozens of offenses, including resisting arrest, disorderly conduct, lying to police, felonious assault, robbery, drug possession, assault, drug trafficking, and aggravated menacing.

The instant case is his latest interaction with the criminal justice system. In the summer of 2022, investigators learned that Wright was trafficking in drugs. He would supply the drugs to four other people, who would then sell those drugs to customers in Toledo, Ohio. Confidential informants bought drugs from Wright and his co-conspirators approximately 25 times, with most of the deals taking place at Wright's house. Based on this information, officers obtained and executed a search warrant for Wright's residence, where they found firearms, ammunition, scales, and cash.

The Government charged Wright with conspiracy to distribute and possess with intent to distribute controlled substances, distribution of a controlled substance, and being a felon in possession of a firearm. Wright pled guilty, and the parties agreed that Wright's base offense level would be 32. The district court then adopted the Government's recommendation that his total offense level was 36 and his criminal history score was III. That made the Guidelines range 235 to 293 months in prison. The district court sentenced Wright to 240 months in prison followed by five years of supervised release. Wright timely appealed.

The Government argues that we should be reviewing most of Wright's arguments for plain error. "We need not decide whether plain error applies, however, because the district court did not commit [] error here, plain or otherwise." *United States v. Parrish*, 915 F.3d 1043, 1048 (6th Cir. 2019).

Wright first challenges the drug premises enhancement. The Sentencing Guidelines instruct courts to increase a defendant's offense level by two points "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). When the relevant premises "looks like a business—due to the presence of, say, manufacturing equipment, cash, weapons, and customers or employees," a court does not err in applying the drug premises enhancement. *United States v. Tripplet*, 112 F.4th 428, 432–33 (6th Cir. 2024).

Wright agrees that the district court relied "on the uncontested statement of a cooperating source alleging narcotics being in the basement." Appellant's Brief at 14. He also does not contest that firearms, ammo, scales, and money were at his house, nor does he contest that officers conducted nine controlled drug buys at his home in a three-month span. We have held that several controlled buys at a residence in a short time span, along with cash and weapons present there,

2

suggest that the premises is a drug house. *Tripplet*, 112 F.4th at 433. True, there were no drugs found during the search of Wright's home, but the police conducted several controlled buys there, suggesting that drugs had been there at some point. A reasonable fact finder could conclude that on the day of the search, Wright was just out of stock, waiting for a new shipment to arrive. We see no reason to disturb the district court's application of the drug premises enhancement.

Nor do we find any error, as Wright claims, in the district court's application of the manager enhancement. The Guidelines direct district courts to increase the defendant's offense level by three points if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). This enhancement applies if the defendant "exercised decisionmaking authority, recruited accomplices, received a larger share of the profits, was instrumental in the planning phase of the criminal venture, or exercised control or authority over at least one accomplice." *United States v. Minter*, 80 F.4th 753, 758 (6th Cir. 2023) (emphases deleted); U.S.S.G. § 3B1.1 cmt. n.4. The manager enhancement may also apply if the defendant helped coordinate drug deliveries. *Minter*, 80 F.4th at 758.

Wright easily meets these criteria. He stored the drugs in his house, and most of the drug buys took place at or near that residence. During these drug buys, couriers would retrieve the money from the customer, go to Wright's home, and bring the drugs to the customer. Wright would also supply the drugs to the other participants. In this regard, he had control over most of the conspiracy's property, and a reasonable person could conclude that Wright was directing the couriers on how to carry out the drug buys. That leads directly to the reasonable inference that Wright oversaw his portion of the drug trafficking ring based on these facts.

We find unpersuasive Wright's argument that the sentence is substantively unreasonable. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). The mere fact that Wright's sentence was longer than that of his co-defendants does not matter. Although district courts are supposed to be mindful of potential sentencing disparities, we care primarily about national disparities, not disparities between co-defendants. *United States v. Wright*, 991 F.3d 717, 720 (6th Cir. 2021). And the mere fact that a court places more weight on one factor than another is not a basis for reversal. *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

The district court reasonably concluded that Wright's almost constant criminal conduct in his adult life warranted a longer sentence. Defendants who exhibit "recurrent antisocial behavior . . . oftentimes injuring or causing physical harm or abuse to others" should fully expect a longer sentence than those who do not. R. 126, Transcript, PageID 1118.

We similarly find no problems with the district court's weighing of the factors under 18 U.S.C. § 3553(a). We are not in the business of micromanaging the district court's balancing under § 3553(a), nor do we require the district courts to recite magic words when conducting that balancing. *United States v. Smith*, 505 F.3d 463, 467–68 (6th Cir. 2007). Although the district court did not quote the § 3553(a) factors directly, it stated that it had "considered them" but had decided to emphasize only "the ones that" it thought were "most important." R. 126, Transcript, PageID 1120. When the district court asked if Wright wanted it to say "anything further . . . with regard to the 3553(a) factors," his counsel said no. *Id.* at PageID 1119. This colloquy further assures us that the district court said enough.

Nor do we find any problems with the district court's consideration of dismissed cases in deciding how to sentence. Wright's previous interactions with the criminal justice system, even those that did not lead to a conviction, form part of Wright's "background, character, and conduct," which Congress has instructed courts to "consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The district court therefore had a right to consider the dismissed cases. *See United States v. Hill*, 688 F.2d 18, 20 (6th Cir. 1982); *see also United States v. Conway*, 513 F.3d 640, 644 (6th Cir. 2008).

Finally, Wright's Eighth Amendment claim fails. A within-Guidelines-240-month sentence for drug trafficking is not cruel and unusual, especially when the defendant has a long history of criminal activity. *United States v. Bonas*, 434 F. App'x 422, 433–34 (6th Cir. 2011) (per curiam); *United States v. Rolon*, 511 F. App'x 883, 887 (11th Cir. 2013) (per curiam); *United States v. Theramene*, 517 F. App'x 789, 801–02 (11th Cir. 2013) (per curiam).

Seeing no error in the district court's rulings, we **AFFIRM**.